The opinion of the Court was delivered by
Wardlaw, J.
This was a suit by indorsees against the acceptor of a bill of exchange, apparently accepted without funds for the accommodation of the drawers. The drawers were offered as witnesses by the defendant, and objected to as interested in the event of the suit, as certainly liable for the costs of the suit, and probably for the whole sum in litigation. This objection was removed by the execution of a release, the terms of which are not before us, but which, as they satisfied the judge, we presume extinguished the whole liability of the witnesses to defendant. It was further objected at the same time to these witnesses, that they were incompetent to invalidate or discredit a negotiable instrument to which they had given currency by their signature. This objection was sustained by the judge hesitatingly, and for his supposed error in this respect defendant appeals.
We are not disposed to engage at large in the controversy, which for a time disturbed the Court in England, Walton vs. Shelly, 1 T. R., 296; Bent vs. Baker, 3 T. R., 27; Jordaine vs. Lashbrooke, 7 T. R., 599, and which has divided the opinions of American tribunals. 1 Green., 384; 3 Cow. & H. Phil. Ev. 1460. We regard the point as settled in this State, and on satisfactory reasoning by the cases of Knight vs. *671 Packard, 3 McC., 71; Haig vs. Newton, 1 Mill, 429; Smith vs. Cherry, 1 Hill, 148. Parties to a negotiable instrument are competent witnesses in a controversy with other persons concerning the instrument, where they have no interest in the event of the suit.
Our only doubt in the case has been produced by the seeming end, according to the report of the Judge, for which the testimony of these witnesses . was offered. We do not mean to adjudge any thing as to the effect of their testimony. It may be that questions proposed to them are incompetent, such as leading to a verbal explanation of a written instrument. But we do adjudge that the witnesses offered, after a sufficient release, were competent, and we do not affect the sagacity of foreseeing what may be the extent of their testimony. Possibly they may prove that the acceptance was a forgery, or that the plaintiffs have made a fraudulent use of the instrument. Ordered that a new trial be granted. ;
O’Neall, O. J., and Johnstone, J., concurred.

Motion granted.